IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>　　　　　Defendant. | 1:05-cv-00062-REC-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Cross-Motions for Summary Judgment Filing Deadline: 7/21/05<br><br>Responses Filing Deadline: 8/4/05<br><br>Reply Briefs Filing Deadline: 8/11/05<br><br>Summary Judgment Motion(s) Hearing Date:<br>8/29/05, 1:30pm, Ctrm. 1/REC |

1. Date of Scheduling Conference:

   June 27, 2005.

2. Appearances of Counsel:

   Brian C. Leighton, Esq., appeared on behalf of plaintiffs.

   Assistant United States Attorney Kristi C. Kapetan appeared on behalf of defendants.

//

/

1

3.   The Pleadings:

   A.   Summary of the Pleadings.

Plaintiff brings this action for declaratory and injunction relief under the Freedom of Information Act ("FOIA"). Plaintiff claims that defendant is withholding documents that it needs to defend itself in an action instituted by defendant to debar plaintiff from all USDA inspections. The USDA instituted debarment proceedings against plaintiff for allegedly altering USDA certificates. Plaintiff contends that it has not been provided with "voided certificates" or "worksheets" in the underlying administrative proceeding defendant is conducting as part of the debarment proceeding.

On May 13, 2004, plaintiff submitted an official FOIA request to defendant for any and all Forms FV-146 (certificates of quality and condition) which had been voided at Lion Raisins, Inc., during the period of January 1995 to December 2000. Defendant is withholding the documents pursuant to 5 U.S.C. § 522(b)(7)(A) because the documents are evidence in the ongoing investigation of plaintiff. Plaintiff appealed and the decision to withhold these documents was reversed. By letter dated February 14, 2005, 534 documents representing the USDA Certificates of Quality and Condition (form FV-146) which were voided by USDA personnel at Lion Raisins, Inc., between August 1, 1995 and December 31, 2000, were sent to plaintiff.

By letter dated May 13, 2004, plaintiff also requested the Certificate of Quality and Condition for Raisins Worksheets issued or prepared by defendant for product inspected at Lion Raisins, Inc., during the period of January 1995 to December

2000. Defendant refused to release the records, and that refusal was upheld on appeal. Defendant has not released those records.

        B.    Orders Re: Amendment of Pleadings.

            No amendments are proposed at this time.

4.    Factual Summary:

        A.    Admitted Facts which are deemed proven without further proceedings.

            (1)    Venue

            (2)    Plaintiff has exhausted its administrative remedies with respect to the documents sought.

        B.    Contested Facts.

            (1)    All other facts.

5.    Legal Issues:

        A.    Uncontested.

            (1)    Venue

        B.    Contested.

            (1)    All other legal issues.

6.    Discovery Plan and Cut-Off Dates:

    This case must be decided on the administrative record and, therefore, no discovery is anticipated.

7.    Pre-Trial Motion Schedule:

    The parties agree to file cross-motions for summary judgment by July 21, 2005; responses to said motions due by August 4, 2005; reply briefs by August 11, 2005; and, a hearing on August 29, 2005 at 1:30 p.m. in Courtroom No. 1 before the Honorable Robert E. Coyle, Senior United States District Judge.

//

/

8.   Related Matters Pending:

<u>Lion Bros v. USDA</u>
1:05-cv-00292-REC-SMS

<u>Lion Raisins v. USDA</u>
1:05-cv-00640-REC-SMS

9.   Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

10.   Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at <u>www.caed.uscourts.gov</u>, including

4

1  the Court's Amended Local Rules effective January 3, 2005, the
2  Court's CM/ECF Final Procedures, and the Court's CM/ECF User's
3  Manual.
4      While the Clerk's Office will not refuse to file a
5  proffered paper document, the Clerk's Office will scan it and, if
6  improperly filed, notify the Court that the document was filed in
7  an improper format.  An order to show cause (OSC) may be issued in
8  appropriate cases regarding an attorney's disregard for the
9  requirement to utilize electronic filing, or other violations of
10 these electronic filing procedures.  See L.R. 11-110, L.R.
11 5-133(d)(3).
12     If counsel has not already done so, counsel **must** register
13 for CM/ECF as soon as possible.  On-line registration is available
14 at www.caed.uscourts.gov.  Once registered, counsel will receive a
15 login and password in approximately one (1) week.  Counsel must be
16 registered to file documents on-line.  See L.R. 5-135(g).  Counsel
17 are responsible for knowing the rules governing electronic filing
18 in the Eastern District.  Please review the Court's Local Rules
19 effective January 3, 2005, available on the Court's web site.
20   11.  Effect of this Order:
21     The foregoing Order represents the best estimate of the
22 Court and counsel as to the agenda most suitable to bring this case
23 to resolution.  If the parties determine at any time that the
24 schedule outlined in this Order cannot be met, counsel are ordered
25 to notify the Court *immediately* so that adjustments may be made,
26 either by stipulation or by subsequent status conference.
27     Stipulations extending the deadlines contained herein
28 will not be considered unless they are accompanied by affidavits or

declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   June 28, 2005**                              **/s/ Sandra M. Snyder**
icido3                                                           UNITED STATES MAGISTRATE JUDGE