UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., | 1:05-CV-00062 OWW-SMS |
| Plaintiff, | MEMORANDUM DECISION RE DENYING MOTION FOR RELIEF FROM JUDGMENT (DOC. 53) |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

## 1.   INTRODUCTION

Plaintiff Lion Raisins, Inc. ("Lion") moves the Court pursuant to Rule 60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure for relief, due to changed circumstances, from the summary judgment order entered on October 20, 2005 in favor of Defendant United States Department of Agriculture ("USDA"). Lion alleges that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requires USDA to provide the Worksheets that Lion requested for the period from January 1995 to December 2000 and now seeks an order for the USDA to release copies of the Worksheets to Lion and allow physical access to inspect the originals.  The matter was heard on February 25, 2008.

United States District Judge Robert E. Coyle previously upheld in a summary judgment order the USDA's FOIA Exemption claim, under 5 U.S.C. § 552(b)(7)(A), on the basis that the

1

disclosure of worksheets sought by Plaintiff could reasonably be expected to interfere with the administrative enforcement proceedings.  The Ninth Circuit Court of Appeals upheld that Court's decision in Case No. 05-17449.  On September 20, 2007 Plaintiff submitted another FOIA request to the USDA to release copies of Worksheets from January 1995 through December 2000.  Lion seeks relief in this motion from the Court's summary judgment order of October 20, 2005.

## 2.   PROCEDURAL BACKGROUND

In January 2001, USDA issued an administrative complaint (Complaint 1) alleging that Lion and its principals, officers, agents and affiliates had falsified and misrepresented USDA Certificates of Quality and Condition in violation of the Agricultural Marketing Act ("AMA") and the USDA's inspection and certification regulations.  USDA later issued two additional administrative complaints against Lion (Complaint 2 and 3).  USDA asserted that Lion established a procedure whereby Lion's shipping department employees would falsify or fabricate USDA Certificates to conform to customer specifications.

By letter dated May 13, 2004, Lion submitted a FOIA request seeking all USDA Certificate of Quality and Condition for Raisins Worksheets issued or prepared by the USDA for product inspected at Lion during the period January 1995 to December 2000.  By letter dated June 23, 2004, the FOIA Officer responded to the request and withheld the requested documents.  Lion's administrative appeal was denied on January 3, 2005.

On January 11, 2005, Lion filed this action in federal court seeking declaratory and injunctive relief under FOIA.  (Doc. 1,

Complaint)  The parties filed cross-motions for summary judgment. (Doc. 18 USDA MSJ and Doc. 23 Lion MSJ)  On October 19, 2005, the Court entered its Order denying Lion's motion for summary judgment and granting USDA's motion for summary judgment.  (Doc. 46, Order)  Judgment was entered in accordance with the Order on October 20, 2005.  (Doc. 47, Judgment)  Lion appealed, and on April 30, 2007, the Court of Appeals entered its order affirming the judgment of the District Court.

    Lion then filed the present motion for relief from judgment under Rule 60(b)(5) and (6) on September 24, 2007.  (Doc. 53, Motion)  UDSA filed an opposition to Lion's Motion on November 20, 2007, (Doc. 60, Opposition), and Lion filed it reply to USDA's Opposition on December 3, 2007.  (Doc. 61, Reply)

### 3.  FACTUAL HISTORY

    This case concerns FOIA requests by Lion that the USDA denied, citing ongoing administrative proceedings against Lion. A summary judgment order was entered in favor of USDA on the basis of FOIA Exemption 7A, due to concerns that disclosure could reasonably be expected to interfere with the administrative enforcement proceedings.  The Ninth Circuit Court of Appeals affirmed the District Court decision on appeal.

    Lion and USDA have been involved in administrative proceedings since 1998, when the Agricultural Marketing Service (hereinafter referred to as "AMS") initiated an investigation of Lion after receiving an anonymous complaint regarding Lion.  The proceedings stem from USDA's allegations that representatives of Lion forged signatures of USDA inspectors or recorded false moisture readings on inspection certificates for Lion's fruit.

**3**

USDA alleges that Bruce Lion, an officer and director of Lion Raisins, instituted a procedure for falsifying or fabricating USDA certificates to conform to customer specifications.  The fabricated certificates, USDA alleges, were then sent to foreign customers.  After completing its investigative report on May 26, 1999, the USDA filed three separate administrative complaints against Lion.

On January 12, 2001, USDA suspended Lion's eligibility for government contracts and filed an administrative complaint (I&G Docket Number 01-0001) (Complaint 1) that sought to "debar" future inspections of Lion's facilities.  Two additional administrative complaints (I&G Docket Numbers 03-0001 (Complaint 2) and 04-0001 (Complaint 3) were also issued against Lion.

Lion is the largest independent handler of raisins produced in California.  It handles and packs raisins produced by outside growers and by Lion and its affiliates.  Lion is governed by the Agricultural Marketing Act of 1937 (7 U.S.C. §§ 601-627) and a "marketing order" promulgated thereunder that governs raisins produced from grapes grown in California (7 C.F.R. §§ 989.1-989.801).  The marketing order calls for an inspection process under which a handler must have USDA inspect its products once when they are received from the producer and again before they are sold to the producer. 7 C.F.R. §§ 989.58-989.59.  The AMS is charged with the administration of the inspection regulations and provides inspection and grading services to applicants.  The inspections entail USDA inspectors periodically taking samples from handlers' processing lines to assess the quality of the raisins in various categories, such as weight,

4

color, size, sugar content, and moisture.

The inspection process generates a variety of paperwork. A USDA inspector completes a "Line Check Sheet" based on his or her observations and assigns grades to the raisins.  The inspector then prepares a Certificate of Quality and Condition for Raisins Worksheet ("Worksheet") that serves as a draft for the official Certificate of Quality and Condition ("Official Certificate"), also known as form FV-146, and gives the Worksheet to an employee of the packer.  At Lion the Worksheet is given to a shipping department employee. The employee's task is to type the Official Certificate based on the information on the Worksheet.  The employee next returns the Official Certificate and Worksheet to the USDA grader.  If the grader reviewing the Official Certificate determines that it has been correctly prepared, it is signed and the original, as well as up to four carbon copies of the Official Certificate are returned to Lion.  USDA did not return the Worksheets to Lion.  From time to time, USDA officials inspecting Lion's raisins, voided an Official Certificate and had a new one typed.  USDA then provided a copy of the new Official Certificate to Lion.  USDA retained the voided Official Certificate ("Voided Certificate") and did not at that time provide a copy to Lion.

In a letter dated May 13, 2004, Lion requested, under FOIA, any and all USDA Certificate of Quality and Condition for Raisins Worksheets, issued or prepared by USDA for product inspected at Lion, during the period of January 1995 to December 2000.  USDA responded by withholding the requested documents pursuant to 5 U.S.C. § 552(b)(7)(A).  Lion appealed in a July 12, 2004 letter.

The decision was upheld in a letter dated January 3, 2005.  On January 11, 2005, Lion filed its Complaint in this case for declaratory and injunctive relief of USDA's decision to withhold the Worksheets.  On October 20, 2005, United States District Judge Robert E. Coyle determined disclosure could reasonably interfere with the administrative enforcement proceedings and granted summary judgment in favor of the USDA.  Lion appealed the decision and on April 30, 2007 the Ninth Circuit Court of Appeals affirmed the District Court decision.

Plaintiff now contends the taking of evidence closed on March 31, 2006, in the administrative hearings of Complaint 1 and on February 28, 2006 on Complaint 3.  USDA however contends that each of the three enforcement actions against Lion continue as pending proceedings.

On September 20, 2007 Lion submitted another FOIA request for the USDA to release copies of Worksheets from January 1995 through December 2000 and provide access to the originals.  Neither party has provided any information on the status of this September 20, 2007 FOIA request.

On September 24, 2007 Lion filed its motion for relief from judgment of the October 20, 2005 Summary Judgment Order issued by Judge Coyle and affirmed by the Ninth Circuit on April 30, 2007.

### 4. STANDARD OF REVIEW

A. Motion for Relief from Judgment

Lion moves the Court for relief from judgment under Rule 60(b)(5) and Rule 60(b)(6) of the Federal Rules of Civil Procedure.  *See* Motion, p. 1.  Rule 60 of the Federal Rules of Civil Procedure provides a means of altering a judgment in

limited circumstances.  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Rule 60(b) provides in relevant part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5) and 60(b)(6).

"Rule 60 regulates the procedures by which a party may obtain relief from a final judgment.... The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done."  11 Charles Alan Wright and Andrew D. Liepold, Federal Practice and Procedure § 2851 (4th ed. 2008).  A motion under Rule 60(b) must be made within a reasonable time.  Fed. R. Civ. P. 60(c).[1]

## 5.   DISCUSSION

A.   Evidentiary Objections

Plaintiff requests pursuant to Federal Rules of Evidence 201(b), judicial notice of the following filings by Lion in the

---

[1] The only limitations are that if a Rule 60(b) motion is made pursuant to subsection (1), (2) or (3) the motion must be made no more than a year after the entry of judgment or order or the date of the proceedings.  Plaintiff is not bringing a Rule 60(b) motion under these subsections, therefore the reasonableness standard applies here.  Fed. R. Civ. P. 60(c).

administrative hearing for Lion's Petition to Reopen Hearing in I&G Docket No. 01-0001 (Complaint 1): Petition to Reopen Hearing, attached as Exhibit "A" to Lion's Request for Judicial Notice of Exhibits (Doc. 64, Lion's Judicial Notice Request); Supplemental to Petition to Reopen the Hearing, attached as Exhibit "B" to Lion's Judicial Notice Request; Second Supplemental to Petition to Reopen the Hearing, attached as Exhibit "C" to Lion's Judicial Notice Request; Third Supplemental to Petition to Reopen Hearing, attached as Exhibit "D" to Lion's Judicial Notice Request; Fourth Supplemental to Petition to Reopen the Hearing, attached as Exhibit "E" to Lion's Judicial Notice Request; and Amended Fourth Supplemental to Reopen the Hearing, attached as Exhibit "F" to Lion's Judicial Notice Request.

Defendant USDA filed no opposition to Lion's Judicial Notice Request.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  Judicially noticed facts often consist of matters of public record, such as prior court proceedings, *see, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988); administrative materials, *see, e.g., Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); city ordinances, *see, e.g., Toney v. Burris*, 829 F.2d 622, 626-27 (7th Cir. 1987) (holding that federal courts may take judicial notice of city ordinances);

official maps, *see, e.g., Aiello v. Town of Brookhaven*, 136 F. Supp. 2d 81, 86 n.8 (E.D.N.Y. 2001) (taking judicial notice of geological surveys and existing land use maps); or other court documents, *see, e.g., Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a filed complaint as a public record). Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992), *quoting St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979).

Exhibits A and B contain a USDA "RECEIVED" date stamp acknowledging receipt and filing by a public agency. Exhibit B, C, D, E and F contain no such stamp or other identifying mark indicating they were filed with the USDA. Nor are they certified as true copies of publically filed documents. *See* Fed. R. Evid. 1005. The Court takes judicial notice of the fact of filing of Exhibits A and B, and DENIES Lion's request for judicial notice of Exhibit B, C, D, E and F, as unauthenticated and containing subject matter that is not reasonably undisputed.

B. Motion for Relief from Judgment

Plaintiff moves for relief from the October 20, 2005 Summary Judgment Order which denied Lion's FOIA request on the basis of Exemption 7(A) for a pending administrative enforcement. Under FOIA 7(A) exemption: an agency need not disclose "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with

enforcement proceedings..."  5 U.S.C. § 552(b)(7)(A).  In a suit asserting an Exemption 7(A), the government must show that one, a law enforcement proceeding is pending or prospective, and two, release of the information could reasonably be expected to cause some articulable harm.  *See N.L.R.B. v. Robbins Tire & Rubber*, 437 U.S. 214, 224 (1978).  Lion claims that the justification for any discretionary claim of exemption has now materially changed because taking of evidence at any administrative hearing has been completed and the statute of limitations has run on any further civil enforcement.  Lion also alleges that it has submitted a new FOIA request for access to original and copies of the Worksheets in question.  Lion seeks an Order from the Court to require USDA to release copies of the Worksheets to Lion and allow physical access by Lion under protective conditions to inspect the originals.

I.   60(b)(5) Relief

Lion moves for reconsideration under Rule 60(b)(5).  In addressing Lion's request for relief from the October 20, 2005 Summary Judgment Order (2005 Order) denying Lion's FOIA request, the Order is not prospective and therefore no relief can be afforded under Rule 60(b)(5).  Rule 60(b)(5) provides that the court may relieve a party from a final judgment when "the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  Plaintiff argues it is no longer equitable that the 2005 Order have a prospective application.

The 2005 Order does not have "prospective" application.  To

10

have "prospective application" the order under Rule 60(b)(5) must
be "executory" or involve the "supervision of changing conduct or
conditions." *Twelve John Does v. District of Columbia*, 841 F.2d
1133, 1139 (D.D.C. 1988).  In addition, the moving party must
establish that it is suffering hardship so extreme and unexpected
that it constitutes oppression. *Elser v. I.A.M. Nat. Pension
Fund*, 579 F.Supp. 1375, 1382 (C.D.Cal. 1984).  The *Elser* court
also noted that a strong showing is required and many actions for
relief on this ground are denied.  *Id.*

The 2005 Order denied a specific FOIA request for
information by Plaintiff.  The order was affirmed on appeal and
is final.  No supervision of the October 20, 2005 Order has been
required, nor will any supervision be required in the future.
The October 20, 2005 Order has no "prospective application", it
was a one time request for release of information under FOIA that
was denied.  "Virtually every court order causes at least some
reverberations into the future, and has, in that literal sense,
some prospective effect ... That a court's action has continuing
consequences, however, does not necessarily mean that it has
'prospective application' for the purposes of Rule 60(b)(5)."
*Twelve John Does*, 841 F.2d at 1138.  "Any continuing injunction,
for example, would have the requisite prospective effect." *Cook
v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980)  "Rule
60(b)(5) is routinely used to challenge the continued validity of
consent decrees, which courts often liken to contracts."
*Bellevue Manor Associates v. U.S.*, 165 F.3d 1249, 1253 (9th Cir.
1999)  Courts typically apply the rule in "private" cases. *Id.*
(citing a Seventh Circuit case upholding under Rule 60(b)(5) the

11

1   dissolution of an injunction prohibiting a competitor from

2   serving as a corporation's director).  None of these incidents

3   apply.  The order is prohibitory and resolved a dispute over the

4   accessibility of documents.

5           Rule 60(b)(5) does not afford relief.

6           II.  Motion for Relief From Judgment Pursuant to FRCP
                 60(b)(6)

7           Plaintiff also moves for reconsideration under Rule

8   60(b)(6).  Relief under Rule 60(b)(6) is only appropriate under

9   "extraordinary circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524,

10  535 (2006).  Rule 60(b)(6) is to be used "sparingly [and] as an

11  equitable remedy to prevent manifest injustice."  *United States

12  v. Alpine Land & Reservoir Co*, 984 F.2d 1047, 1049 (9th Cir.

13  1993).  "60(b) motions are addressed to the sound discretion of

14  the district court."  *Martella v. Marine Cooks and Stewards

15  Union, Seafarers Intern. Union of North America*, 448 F.2d 729,

16  730 (9th Cir. 1971).  Plaintiff Lion does not identify any

17  extraordinary circumstances or manifest injustice to warrant

18  relief under the "catch-all" provision, Rule 60(b)(6).

19          "The Rule 60(b)(6) 'catch-all' provision ... applies only

20  when the reason for granting relief is not covered by any of the

21  other reasons set forth in Rule 60."  *Delay v. Gordon*, 475 F.3d

22  1039, 1044 (9th Cir. 2007)  The fact that Plaintiff Lion has the

23  ability to file a new FOIA request based on the current

24  conditions before the USDA demonstrates lack of extraordinary

25  circumstances.  Plaintiff cites no analogous cases affording

26  relief under Rule 60(b)(6) from judgment denying a FOIA request

27  based on exemption 7(A).  Rule 60(b) motions are not vehicles for

28

                                  12

parties to present known existing evidence that could have been presented prior to time of judgment or decision making. Plaintiff cites, without analysis, several cases for the proposition that the although Rule 60(b)(6) should be used sparingly, it applies when the FOIA requester presents compelling evidence of agency misconduct under a "reasonable person standard."  A review of the cases does not provide support for Plaintiff's 60(b)(6) motion for relief from Judgment.

*Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897 (D.D.C. 1996), involves a motion for reconsideration of defendant's motion for summary judgment in a FOIA suit.  The suit involved a FOIA 7(D) exemption, not a 7(A) exemption.  The Court had originally denied the government's assertion of an exemption to the FOIA request under Section 552(b)(7)(D).  Section 552(b)(7)(D) provides an exemption where it:

> could reasonably be expected to disclose the identity
> of a confidential source, including a State, local, or
> foreign agency or authority or any private institution
> which furnished information on a confidential basis,
> and, in the case of a record or information compiled by
> criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a
> lawful national security intelligence investigation,
> information furnished by a confidential source

5 U.S.C. § 552(b)(7)(D).  The government in its reconsideration motion argued that a 7(D) exemption applied and cited to previously undisclosed information.  The court on reconsideration found this information central to finding a 7(D) exemption applied, though noting that original failure to present information was inexcusable.  The information that was sought by plaintiff in the suit on reconsideration was found to be obtained

13

under an expectation of confidentiality and the individual providing the information had done so under such expectation. This new evidence demonstrated that the initial order was manifestly unjust, thus justifying reconsideration under Rule 60(b)(6).  *Id.* at 903.  *Computer Professionals* also addressed the necessary public interest showing required to override privacy interests protected under a FOIA 7(C) exemption.  A 7(c) exemption to a FOIA request authorizes the withholding of records or information compiled for law enforcement purposes to the extent that production of such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7).  This case is not applicable.

    *Valdez v. U.S. Dept. Of Justice*, 474 F.Supp.2d 128, 133 (D.D.C. 2007), also cited by Plaintiff for support, fails to advance its argument.  In *Valdez,* the court granted summary judgment for the government on the basis of the FOIA 7(C) exemption, finding the public interest asserted by the plaintiff failed to override the privacy interest.  "Here, plaintiff merely asserts that he has uncovered evidence 'suggesting massive government misconduct.'  His burden is much higher, however. Absent 'evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred,' he fails to demonstrate a public interest" to outweigh the privacy interest.  *Id.* at 133 (quoting *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)).

    Plaintiff additionally cites without explanation *Bennett v. Drug Enforcement Admin.*, 55 F.Supp.2d 36, 42-43 (D.D.C. 1999), a FOIA suit involving, not a 7(A) exemption, but a 7(C) exemption

**14**

to a FOIA request.   The DEA argued in response to a FOIA request

that the payment records and the criminal history of a DEA

informant were exempted from a FOIA request under 7(C), invasion

of personal privacy.   The court disagreed and found a public

interest in disclosing information that outweighed the privacy

interest because there was "compelling evidence" of government

misconduct.   The information sought would confirm whether

Plaintiff's findings were "backed by the record."   *Id.* at 42.

"[W]hen government misconduct is alleged to justify disclosure,

the public interest is unsubstantial without *compelling evidence*

that the agency is involved in illegal activity, and that the

information sought is necessary to confirm or refute that

evidence."   *Id.* (emphasis added).   The Court held:

> Plaintiff and his counsel have already conducted
> significant research on the many instances in which
> Chambers [DEA informant] has perjured himself about his
> criminal record, and the government's apparent
> complacency about this conduct. The information
> uncovered by Plaintiff is *very compelling*, suggesting
> extensive government misconduct, and the information
> sought is necessary to confirm whether Plaintiff's
> findings are backed by the record. Furthermore, it is
> clear from the far-reaching and serious consequences of
> the activities and collaboration of Chambers and DEA
> that there is a substantial public interest in exposing
> any wrongdoing in which these two parties may have
> engaged. This public interest can only be served by the
> full disclosure of Chambers' rap-sheet, about which he
> has frequently testified, although not always
> truthfully, in open court around the country.
> Consequently, Defendant's withholding of Chambers'
> criminal record under Exemption 7(C) was improper.

*Id.* (emphasis added).

Plaintiff also cites *Sonds v. Huff*, 391 F.Supp.2d 152, 159

(D.D.C. 2005) which also addresses the ability to overcome a 7(C)

privacy exemption in a FOIA suit.   A portion of the decision

addresses overcoming the privacy concerns under a FOIA 7(C) by a

15

larger public interest concern, similar to *Bennett* and does not

address a 7(A) exemption to a FOIA request.[2]

Plaintiff next cites what is considers "compelling and

substantial evidence of agency misconduct" by high-ranking

officials to support its contention that extraordinary

circumstances are present to grant Lion relief under its 60(b)(6)

motion.   (Doc. 6, Reply, p. 5:8-10).   Plaintiff's arguments of

agency misconduct to support an extraordinary circumstances

finding was first stated in its Reply.   Defendant USDA has not

had the opportunity to respond to the new allegations of agency

misconduct.

First, Plaintiff contends that David W. Trykowski, Director

of Compliance, Safety and Security Division of the AMS, who at

the time of the administrative hearings was Chief of

Investigations for AMS and prior to that was Senior Compliance

Officer of the AMS, is untrustworthy and lacks credibility.

Plaintiff contends that Mr. Trykowski declared in 2005 he never

signed a Worksheet, but Plaintiff alleges that in previous

administrative proceedings, he submitted an exhibit that was a

Worksheet he signed.   Plaintiff also contends that Mr. Trykowski

testified in an administrative proceeding in 2003 that he had

nothing to do with the preparation of the complaint but

---

[2] **Plaintiff also cites *American Civil Liberties Union v. Department of Defense*, 406 F.Supp.2d 330 (S.D.N.Y. 2005), in which a civil liberties group brought forward new evidence in their motion for relief from judgment under 60(b)(2) and 60(b)(6).   The government had been granted summary judgment on Plaintiff's FOIA request.   Court denied motion for relief from judgment under 60(b)(2), and declined to rule on 60(b)(6) since new evidence is covered under 60(b)(2).**

1   allegedly, later testified in a 2005 District Court case that he
2   participated in drafting that complaint.  Plaintiff also contends
3   that Mr. Trykowski stated before a District Judge in 2004 that he
4   was the lead investigator, however, allegedly in 2003 he
5   testified before the ALJ that there were no team of investigators
6   in that case.  Plaintiff also argues that Mr. Trykowski gave
7   inconsistent and false testimony to the ALJ about inspection
8   procedures, practices and recording requirements.  Plaintiff
9   further claims that Mr. Trykowski withheld inspection sheets with
10  reinspection results for raisins that were reconditioned and
11  additional inspection sheets for reconditioned raisins are being
12  withheld.  (Doc. 61, Reply, 5:21-25 and 6:1-11)

13      Plaintiff does not state that it is providing this as newly
14  discovered evidence, nor explains why this was not addressed in
15  the 2005 summary judgment briefs.  No mention of these issues are
16  made in the 2005 Order.  In addition, these are conclusory
17  statements with references to the specific portions of Lion's
18  petition to reopen proceedings in Complaint 1.  It is unclear how
19  alleged collateral misstatements in other cases provides *evidence*
20  or shows extraordinary circumstances.

21      Plaintiff also describes certain actions allegedly
22  attributable to Government Counsel Colleen Carroll that occurred
23  in a proceeding in the U.S. Court of Federal Claims.  *Lion*
24  *Raisins, Inc. v. U.S.*, 64 Fed.Cl. 536 (2005).  In the
25  proceedings, the Department of Justice and USDA counsel were
26  cited for contempt for violating a protective order after
27  disclosing protected material to the ALJ in the proceedings for
28  Complaint 1.  *Id.* at 544.  It is not clear from a review of the

17

U.S. Court of Federal Claims decision that Colleen Carroll was the attorney being cited for contempt.

Plaintiff also complains about the manner in which Ms. Carroll allegedly presented evidence in the proceedings for Complaint 1.  Ms. Carroll allegedly presented evidence to support USDA's claim that Lion forged the name of an inspector on three USDA certificates.  However she did not call a handwriting expert.  Lion claims it was precluded from conducting a handwriting analysis which its expert later independently concluded that the signature was probably authentic.  Plaintiff contends disclosure of the Worksheets are important for the reason that Ms. Carroll is engaged in misconduct.  (Doc. 61, Reply, 6:24-25 and 7:1-10)  There is no explanation why Ms. Carroll's failure to call a handwriting expert precludes Plaintiff from calling its own handwriting expert.  No allegation is made that Ms. Carroll improperly interfered with the ALJ Judge's hearing of evidence.  Also, this claim does not demonstrate agency misconduct by Ms. Carroll that is related to the Worksheets.

Plaintiff also complains of actions by Kenneth Clayton, USDA Associate Administrator of the AMS.  The actions stem from a 2001 decision in a different suit involving the same parties.  In the preliminary injunction decision Lion was suspended from bidding on government contracts.  *See Lion Raisins, Inc. v. USDA*, CIV-F-01-5050 OWW DLB, *Findings of Fact and Conclusions of Law Re: Plaintiff's Motion for Preliminary Injunction*, p. 9, 14, 26. Lion challenged the suspension decision in federal court.  The resulting order stated that the Suspending Officer "ignored,

mischaracterized or minimized the numerous and good faith steps" taken by Lion.  *Id.* at p. 14, ¶ 56.  When the case was transferred to Federal Claims Court that court held that the suspension decision was arbitrary and capricious.  Lion cites this decision to show that the failure to disclose the Worksheets could be explained by Mr. Clayton's previous behavior, which the 2001 decision found "puzzling."  Lion claims receipt of the Worksheets would likely prove knowledge or constructive knowledge that inspectors recorded reinspection results on Worksheets without following the mandatory set aside and recording procedures."  (Doc. 61, Reply, p. 7:21-24)  The 2001 Clayton information was available to Lion before the 2005 Order issued.  Lion never presented this information in 2005, it is not newly discovered evidence, nor does Lion provide a reason for not presenting this information at that time.

Finally, Plaintiff Lion claims that Mr. Clayton and/or Mr. Trykowski have gone to great lengths to destroy or suppress evidence of agency misconduct and punish Lion.  Plaintiff Lion describes the alleged destruction of reinspection records, such as cover sheets for Certificates that were prepared to correct and supersede other Certificates and destruction or withholding of relevant portions of the Ledger in violation of records management regulations.  (Doc. 61, Reply, p. 7:25-28 and 8:1-18)  But these statement are also conclusory and Lion only cites its own petition to reopen the proceedings in Complaint 1, and a declaration by its in-house counsel.  This does not amount to concrete or compelling evidence of wrongdoing to establish the extraordinary circumstances for a 60(b)(6) motion.

19

1   Allegations of agency misconduct, including alleged

2   misconduct that was known to Plaintiff Lion at the time of the

3   2005 Order and which stems in some instances from alleged

4   misconduct as early as the 2001 decision does not suffice to

5   overcome the high bar set for a 60(b)(6) motion requiring

6   extraordinary circumstances.

7        The Ninth Circuit has not addressed at which point the FOIA

8   examination takes place on review.  The main case on point comes

9   for the District Court of Columbia.  *See Bonner v. U.S. Dep't of*

10  *State*, 928 F.2d 1148, 1152 (D.D.C. 1991).  Two unpublished

11  opinions, one for the Ninth Circuit, following *Bonner,* and one

12  from the Northern District of California take two different

13  approaches on the issue of when a review of a FOIA request is

14  appropriate: (1) at the time of the agency decision (Ninth

15  Circuit unpublished opinion); or (2) at the time of review by the

16  court (Northern District unpublished opinion).  According to the

17  District of Columbia precedent, a FOIA review is to proceed from

18  the time the agency denied the request, thus denying Lion relief

19  here.  *Bonner*, 928 F.2d at 1152.  It will not leave Lion without

20  recourse as the unpublished Ninth Circuit opinion notes that a

21  FOIA request can be resubmitted, which it appears Lion has done.

22  *Lynch v. Department of Treasury*, 2000 WL 123236 *3, 210 F.3d 384

23  (9th Cir. 2000).

24       Under the District of Columbia Circuit precedent, a court

25  reviewing a denial of a FOIA request must judge the agency's

26  decision as of the time the agency responded to the FOIA request,

27  not at the time of the court's review.  "FOIA judicial review...,

28  while de novo, remains an assessment of the agency decision to

1   withhold a document.  That decision, we hold, ordinarily must be

2   evaluated as of the time it was made." *Bonner*, 928 F.2d at 1152.

3   "Courts reviewing an agency's action must of necessity limit the

4   scope of their inquiry to an appropriate time frame ... To

5   require an agency to adjust or modify its FOIA responses on post-

6   response occurrence could create an endless cycle of judicially

7   mandated reprocessing." *Id.* at 1152-53.  This court, USDA argues

8   has already evaluated USDA's decision to deny the FOIA request in

9   light the circumstances existing at the time, granting summary

10  judgment in favor of USDA on the grounds that the disclosure of

11  the Worksheets could reasonably be expected to interfere with law

12  enforcement proceedings.  *See* Doc. 47, Judgment, p. 21.  No Ninth

13  Circuit case has explicitly adopted *Bonner*'s holding.

14      The Ninth Circuit Court of Appeals *unpublished opinion* held

15  the following with regard to reviewing FOIA requests:

16              Similarly, the determination as to whether a release of
                records could reasonably be expected to interfere with
17              enforcement proceedings is to be made as of the time
                the agency decided to withhold the documents. See
18              *Bonner v. United States Dep't of State*, 928 F.2d 1148,
                1152 (D.C.Cir.1991); *Institute for Justice and Human*
19              *Rights v. Executive Office of the U.S. Attorney*, No. C
                96- 1469 FMS, 1998 WL 164965, at *3 (N.D.Cal. Mar. 18,
20              1998).
                ...
21              If Lynch now believes that, three years after the fire,
                no proceeding is currently pending or contemplated, his
22              recourse is to resubmit an FOIA request for the records
                at this time.
23
    *Lynch v. Department of Treasury*, 2000 WL 123236 *3, 210 F.3d 384
24
    (9th Cir. 2000).  Plaintiff Lion seeks a review of the FOIA
25
    decision by the agency anew, and not at the time of the denial,
26
    which has been finally decided.  Plaintiff Lion has not presented
27
28  any evidence or argument on the original denial of its FOIA

                                    21

1   request.   It instead seeks to have the court review the FOIA

2   denial in light of the present circumstances which the law does

3   not support.   *See Bonner v. U.S. Dep't of State*, 928 F.2d 1148,

4   1152 (D.D.C. 1991).

5        The Northern District of California court in an unpublished

6   opinion declined to follow *Bonner*:

            Plaintiff argues that even if the government properly
            withheld the documents in 1994, its reason for the
            exemption is no longer valid. This position raises two
            questions: whether it is proper for the Court to
            analyze the present validity of the claimed exemption,
            and whether the result would be different if such an
            analysis is performed. The Court answers the first
            question in the affirmative and the second in the
            negative.

12  *Institute for Justice and Human Rights v. Executive Office of the*

13  *U.S. Attorney*, No. C 96-1469 FMS, 1998 WL 164965 *4 (N.D.Cal. May

14  18, 1998).   "The termination of law enforcement proceedings that

15  formed the basis of an exemption would be an equally apparent and

16  substantial change in circumstances. Accordingly, the government

17  should be required to justify its withholdings based on present

18  circumstances in this case."   *Id.*   The Northern District of

19  California court found the proceedings to still be open and

20  declined to find changed circumstances, thereby it did not

21  mandate a different result but it reviewed the FOIA request for

22  the present circumstances.   *Id.*

23        Even if *arguendo*, the Northern District of California

24  approach is taken, the proceedings here are ongoing, preventing a

25  decision to release the requested records.   USDA contends through

26  its Declaration by Director David W. Trykowski "that the basis

27  for withholding worksheets remains valid, because while the

28  enforcement proceedings have progressed, those proceedings are

1  not completed, and release of the requested records could still
2  interfere with AMS' enforcement efforts.  Declaration of David W.
3  Trykowski in Support of Defendant's Opposition to Motion for
4  Relief from Judgment ("Trykowski Decl.")  ¶ 6.  Under Exemption
5  7(A), an agency "need only make a general showing that disclosure
6  of its investigatory records would interfere with its enforcement
7  proceedings." *Lewis v. I.R.S.*, 823 F.2d 375, 380 (9th Cir.
8  1987).  USDA contends that granting Lion access to these
9  worksheets would provide Lion with an opportunity to create
10 exculpatory evidence in pending and "prospective" administrative
11 proceedings. *See Manna v. United States Dep't of Justice*, 51
12 F.3d 1158, 1164-65 (3d Cir. 1995) (Exemption 7(A) covers both
13 pending and "prospective" criminal proceedings).  Plaintiff Lion
14 is also not without recourse, as Lion can resubmit a FOIA
15 request.

16     "The court is entitled to accept the credibility of the
17 affidavits [of the government], so long as it has no reason to
18 question the good faith of the agency." *Cox v. United States
19 Dep't of Justice*, 576 F.2d 1302, 1312 (8th Cir. 1978).  "In
20 evaluating a claim for exemption, a district court must accord
21 'substantial weight' to [agency] affidavits, provided the
22 justifications for nondisclosure 'are not controverted by
23 contrary evidence in the record or by evidence of [agency] bad
24 faith.'" *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996)
25 (quoting *Hunt v. C.I.A.*, 981 F.2d 1116, 1119 (9th Cir. 1992)).

26     Lion disagrees and contends through its in-house corporate
27 counsel, Wesley T. Green, that the evidence has concluded on
28 Complaint 1 and Complaint 3.  *See* Declaration of Wesley T. Green

in Support of Plaintiff's Motion for Relief from Judgment ("Green Decl.") ¶¶ 1-2.  Lion however has filed petitions to reopen hearings in two of the proceedings and the third proceeding (Complaint 2) has not been heard and is awaiting reassignment to an ALJ.  Trykowski Decl. ¶ 8.  USDA contends that the ALJ has not issued a decision on Complaint 1, even though Lion has petitioned to reopen the hearing.  If the ALJ grants Lion's motion, USDA argues that the ALJ will hear further testimony and evidence.  Trykowski Decl. ¶ 7.  As to Complaint 3, the ALJ dismissed more than half the counts and issued a decision and order finding on 33 occasions Lion had engaged in a "pattern of misrepresentation or deceptive or fraudulent practices in connection with the use of official inspection certificate [and/or] inspection results."  The ALJ also barred Lion from receiving inspection services for a period of five years.  Lion has petitioned to reopen that hearing.  AMS has also asked the Judicial Officer to review the ALJ's decision that dismissed half the counts in the Complaint 3 proceedings.  USDA contends that if the ALJ erred in dismissing those counts, they could be remanded for additional proceedings.  *Id.* at ¶ 9.

Rule 60(b)(6) does not afford relief.

C.   Request for Modification of Order

Lion also requests under its motion for relief from judgment an order from the Court modifying the 2005 Order to require the USDA to maintain originals of the requested worksheets pending resolution of the new FOIA request and judicial review thereon. "'Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief

1  **in addition to the relief contained in the prior order or**

2  **judgment.'"** *Delay v. Gordon*, **475 F.3d 1039, 1044 (9th Cir.**

3  **2007)(citing 12 Moore's Federal Practice § 60.25 (Matthew Bender**

4  **3d 2004));** *see also United States v. $119,980*, **680 F.2d 106 (11th**

5  **Cir. 1982).   Plaintiff cannot seek an order modifying the 2005**

6  **Order to encompass a request related to a new FOIA request.   The**

7  **new FOIA request was not addressed by the October 20, 2005**

8  **Summary Judgment Order.   Lion should be bringing a separate**

9  **request under its new FOIA request not under the October 20, 2005**

10  **Summary Judgment Order.**

11                                          **CONCLUSION**

12          **For the reasons set forth above, Plaintiff's 60(b)(5) and**

13  **60(b)(6) motion for relief from judgment is DENIED.**

14

15  IT IS SO ORDERED.

16  **Dated:   August 13, 2008**                         **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                              **25**